RAFAEL VALLS ET AL., Plaintiffs and Appellees, *v.* JUAN ROSADO FUSSÁ, Defendant and Appellant.

No. 7164. Argued March 16, 1937.—Decided November 23, 1937.

*Oscar Souffront* and *Pascasio Fajardo Martínez* for appellant. *J. Alemañy Sosa* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

 Section 518 of the Civil Code (1930 ed.) reads as follows:

"Windows with direct views, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is not a distance of two meters between the wall in which they are built and the said property.

"Neither can side or oblique views be opened over the said property, unless there be a distance of sixty centimeters."

Juan Rosado Fussá appeals from a judgment whereby he was required to close certain openings found by the district judge to be "windows with direct views" within the meaning of Section 518. The first contention is that the district court erred in holding that the facts stated in the complaint state a cause of action.

Plaintiffs alleged: that they were the owners of a certain house and lot described in the complaint; that defendant was the owner of another house and lot described in the complaint; that defendant destroyed his house and built on the same site two other houses of two stories each with a passageway between them; that one of these houses was bounded on the north by the property of plaintiffs and defendant had opened therein windows and balconies with direct views overlooking the property of plaintiffs at specified distances from the boundary line between the two lots; that all of the said windows were used for purposes of light and view; that plaintiffs had demanded of defendant that he close the said windows which he had refused to do. The alleged omission now complained of is that plaintffs failed to aver that they had not consented to the establishment of a servitude. The only authority cited in support of this view is *Serrano v. Central Cambalache*, 23 P.R.R. 609.

In the Cambalache case, plaintiffs alleged that they were the joint owners of a one-ninth interest in a certain property; that the Cambalache Central owned a private railroad which ran through the said property, converting it into a servient tenement of the defendant corporation; that another de-' fendant, Avelino Cruz, who was the joint owner in charge of the property, had authorized the Central, on his own respon- sibility, to construct the track and had been allowing the trains of the Central Cambalache to pass over the same with- out the consent of the plaintiffs, thus imposing a charge upon the property of the plaintiffs against their will. The prayer was for an adjudication, among other things, first that there was no servitude on the property in favor of the defendant and that the plaintiffs, joint owners, had executed no title in favor of the corporation, and, second that the agreement entered into by the two defendants for the construction of a track and the passage of trains over the property was null and void. The district court had sustained a demurrer for want of facts sufficient to constitute a cause of action and had dismissed the complaint on the theory that plaintiffs should have alleged that their mother had retained her joint ownership up to the time of her death and that the plaintiffs had been declared to be her lawful intestate or testamentary heirs. What this Court held is indicated by the following extract:

"We understand that the complaint is sufficient, for as this is an action of denial of servitude and Section 604 of the Civil Code pro- vides that in order to impose a servitude upon an undivided tene- ment the consent of all the joint owners is necessary and that the consent given by some only shall remain in suspension until every one of the joint owners agrees thereto, it was sufficient that the plain- tiffs allege, as they did, that they were joint owners of the property on which the servitude had been imposed and that they did not consent thereto, to be entitled to a judgment declaring the property free. These are the essential allegations in cases like this and it was not necessary to allege, as held by the lower court, that the mother of the plaintiffs retained her joint ownership up to the time

of her death that the plaintiffs were declared .to be her lawful intestate or testamentary heirs, or to specify the interest which the mother of the plaintiffs had in the property.''

If, in the Cambalache case, plaintiffs had alleged joint ownership of an undivided one-ninth interest in the land and that the Cambalache Central had laid its tracks across the said property and was running its trains over it and had prayed for a judgment which would compel the central to remove its tracks and to cease running its trains over its said property and if the district court had sustained a demurrer and dismissed the action for failure to allege the attempted establishment of a servitude by another joint owner without the consent of plaintiffs, it is quite conceivable that this Court would have reversed the judgment on the ground that any question as to a pre-existent servitude was a matter of defense which plaintiffs were not required to anticipate. At least there was no such question in the Cambalache case and there is nothing in the *dictum* supra which militates against the view just suggested because there was no such question in the mind of the Court. In any event, the complaint in the instant case stated facts sufficient to constitute a cause of action. The burden was on defendant to allege and to show if he could, as he endeavored to do in the district court, that plaintiffs had consented to the opening of the windows in question. Also, there was no demurrer in the district court and the omission, if any, in the complaint, was supplied by the evidence.

■ Another contention is that the district court erred in ordering that certain doors on the ground floor opening on an alley should be closed. The district judge found that the so-called doors were not designed or used as a means of ingress and egress, were not in fact doors but windows disguised as doors in an attempt to avoid responsibility for a palpable violation of Section 518 of the Civil Code. The doctrine of *Rabell* v. *Rodríguez,* 24 P.R.R. 526, and of *Rodríguez Pérez* v. *Colón,* 34 P.R.R. 74, has no application to

a case of this kind. If the so-called doors were not doors but windows, the district judge did not err in his order that they should be closed.

■ Appellant's third contention is that the district court erred in finding that the windows in the second story of defendant's house afforded a direct view of plaintiffs' property and in ordering that these windows be closed. Defendant, after commencement of the present action, closed some of the windows on the second floor and converted each of the others into a projection in the form of an improvised bay window some forty-two centimeters in depth. The side of this projection opposite the window in the wall of defendant's building and parallel with that wall, was covered with zinc. In the other two sides of this projection, narrow openings were made and used as windows. The district judge found that, while standing before an opening which had been one of the original windows, he could not see that part of plaintiffs' property which was directly opposite but he could see other parts thereof through the openings in the sides of the bay window. In this way he could see from one window that part of plaintiffs' property which he could not see from another window and viceversa. These were, we think, "side or oblique" and not "direct views" within the meaning of those terms as used in Section 518 supra. All but one of these bay windows were more than sixty centimeters from the common boundary line of the two lots. They should therefore be excluded from the operation of the judgment. As to the bay window which was less than sixty centimeters from the dividing line, the judgment will not be disturbed.

■■ Other errors go to the exclusion of evidence, to the weighing of the evidence, to the question of costs and to the failure to include in the judgment an alternative provision to the effect that defendant, instead of closing the windows, might build within his own property and parallel with

the north wall of his house another wall sufficiently high to obstruct the view from any of the windows in question.

If the excluded evidence had been admitted, the result would have been the same. We find no manifest error in the weighing of the evidence and no abuse of discretion in the award of costs. Plaintiffs did not pray for any alternative relief and defendant made no request for any alternative provision in the judgment. Even if defendant had made such a request, the matter would have been within the sound discretion of the district judge. The district judge did not err in not providing for the building of a wall at the option of defendant as an alternative to the closing of the windows.

The judgment will be modified and, as modified, affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.